IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JEFF L. ECKERT, ) | |
| ) | CASE NO. BK06-40533-TLS |
| Debtor(s). ) | A09-4015-TLS |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| JEFF L. ECKERT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on Wells Fargo Bank's motion for summary judgment (Fil. #14). No resistance was filed. John C. Hahn represents the debtor, and David J. Skalka represents Wells Fargo Bank. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The debtor borrowed money from Wells Fargo Bank in August 2003. He pledged various assets, including vehicles, equipment, inventory, goods, accounts, farm products, and certain real estate as collateral, and the bank perfected its security interests. The promissory note went into default and the debtor filed a Chapter 13 case in 2006, which was later converted to a Chapter 7. The debtor has admitted that he sold or gave away – without authorization – 16 pieces of farm equipment in which the bank had a lien, and did not turn over the proceeds. The bank filed this adversary proceeding to except the debt from discharge due to the debtor's alleged conversion and embezzlement of the property. The bank now moves for summary judgment asserting that no genuine issue of material fact exists as to the debt's nondischargeability under 11 U.S.C. § 523(a)(4) and/or (a)(6).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are established:

1. The debtor executed a promissory note for $90,000.00 to Wells Fargo Bank on August 22, 2003. The loan's maturity date was December 23, 2003.

2. As collateral for the loan, the debtor pledged a semi-truck and trailer, all farm products, inventory, equipment, goods, accounts, etc. The U.C.C. financing statement was filed with the Nebraska Secretary of State.

3. The note was later modified to change the maturity date to November 30, 2006. At that time, the outstanding principal balance of the note was $58,827.81, with no accrued interest.

4. On May 17, 2006, the debtor filed a Chapter 13 bankruptcy petition.

5. According to the debtor's bankruptcy schedules, Wells Fargo was fully secured on the farm loan; he valued the collateral at $80,210.00, and the amount of the claim was $54,459.18.

6. The debtor's fifth amended plan was confirmed on October 23, 2007. Wells Fargo received $14,000.00 upon confirmation, and was to receive that amount annually for four years thereafter. It received only one of those payments.

7. In April 2008, the debtor sold certain pieces of farm equipment. The auction company made the check jointly payable to the debtor and the bank. The debtor successfully claimed that Wells Fargo did not have a lien on those items, and the bank released all of the proceeds to him.

8. The debtor filed three post-confirmation amended plans in the spring and summer of 2008, but none of them was approved.

9. The debtor converted the case to one under Chapter 7 in December 2008.

10. The amended schedules filed in connection with the Chapter 7 case list Wells Fargo's claim at $38,451.36, with an unknown value of the machinery and equipment collateral.

11. At the § 341 meeting on March 23, 2009, the debtor explained that he sold or gave away various items of the bank's collateral after he filed his Chapter 13 petition, without notice to or permission from the court or the bank.

12. After the § 341 meeting, Wells Fargo filed this adversary proceeding.

The bank argues that, by selling its collateral and not turning over the proceeds, the debtor embezzled or willfully and maliciously converted the bank's property, which should render the debt nondischargeable under § 523(a)(4) and/or (a)(6).

"Embezzlement" is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). The plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used. *Id.* To show embezzlement, the creditor has to prove that it entrusted its property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Bankers Trust Co. v. Hoover (In re Hoover)*, 301 B.R. 38, 52 (Bankr. S.D. Iowa 2003). Implicit in a claim of embezzlement is a degree of fraudulent intent. *Chapman v. Fuget (In re Fuget)*, 339 B.R. 702, 707 (Bankr. S.D. Iowa 2006).

However, assets subject to a valid U.C.C. Article 9 security interest still belong to the debtor, not to the creditor. Because they are not property of the bank, the embezzlement prong of § 523(a)(4) is inapplicable. *See First Nat'l Bank of Fayetteville, Ark. v. Phillips (In re Phillips)*, 882 F.2d 302, 304-05 (8th Cir. 1989).

A debt may be excepted from the discharge of debts granted under 11 U.S.C. § 727 if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To except a debt from discharge under that section, a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. *Sells v. Porter (In re Porter)*, 539 F.3d 889, 893 (8th Cir. 2008). In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional; and a "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180-81 (8th Cir. 2008); *Porter v. Sells (In re Porter)*, 539 F.3d 889, 893-94 (8th Cir. 2008). The category of injury envisioned by the Supreme Court is that of an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). Debts arising from recklessly or negligently inflicted injuries are not within the ambit of § 523(a)(6). *Kawaauhau*, 523 U.S. at 64.

While "a mere technical conversion does not necessarily satisfy the requirements for nondischargeability under § 523(a)(6)," *Auto Mart, Inc. v. Wendt (In re Wendt)*, 355 B.R. 769, 775 (Bankr. W.D. Mo. 2006), injury to property that is both willful and malicious may be excepted from discharge. *Id.* "Debtors who willfully break security agreements are testing the outer bounds of their right to a fresh start, but unless they act with malice by intending or fully expecting to harm the economic interests of the creditor, such a breach of contract does not, in and of itself, preclude a discharge." *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 882 (8th Cir. 1985).

In this case, the debtor sold farm equipment that he knew was subject to Wells Fargo's security interest, and he used the money for things other than paying down his debt to Wells Fargo.

To put this in the context of the statutory language, the debtor's conduct was willful because he knowingly and intentionally divested himself of some of the bank's collateral without telling the bank, let alone the bankruptcy court. His conduct was also malicious because he knew that by not paying the bank, its economic interests would be harmed. The debtor's actions therefore violated § 523(a)(6).

By its terms, a willful and malicious injury requires intent on the part of the actor. Generally, a finding as to the existence of the requisite level of intent can be made only after full evidentiary development, which means that summary judgment is usually not dispositive of § 523(a)(6) causes of action. However, the debtor had the opportunity to put the issue in dispute by responding to the motion for summary judgment. He did not do that. In support of its motion, the bank submitted its requests for admission, which were not answered. Under Federal Rule of Civil Procedure 36(a), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7036, "each matter requested is deemed admitted unless the responding party serves a written answer or objection within 30 days." *Manatt v. Union Pacific R. Co.*, 122 F.3d 514, 516-17 (8th Cir. 1997) (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983). *See also Ru Jan Yang Living Trust v. Qin (In re Qin)*, 285 B.R. 292, 296 (Bankr. N.D. Iowa 2002) (Plaintiff's failure to admit or deny a certain allegation in request for admission means the allegation stands as admitted and conclusively established). The bank's requests establish each element of § 523(a)(6). The debtor did not put any facts in dispute. As a result, the bank is entitled to summary judgment.

The bank's evidence lists damages at $39,248.87, plus interest at $4.87 per diem from and after February 25, 2009, plus attorney's fees for bringing this action. The loan documents provide for the debtor's payment of legal fees and expenses in connection with enforcing the bank's rights, so the judgment will include those as well.

IT IS ORDERED: Wells Fargo Bank's motion for summary judgment (Fil. #14) is granted. The bank may submit evidence regarding its legal fees and costs by November 16, 2009. Judgment will be entered thereafter.

DATED: November 5, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
John C. Hahn
*David J. Skalka
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.